UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TANYA MILLER**, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| **TORRES CREDIT SERVICES, INC.** , | ) **JURY TRIAL** |
| | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

# COMPLAINT

TANYA MILLER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TORRES CREDIT SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Bethlehem, Pennsylvania 18015.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 27 Fairview Street, Suite 301, Carlisle, PA 17015.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times herein, Defendant was attempting to collect a debt and contacted Plaintiff in its attempts to collect that debt.

11. The debt at issue arose out of transactions relating to a UGI utility bill that was incurred primarily for personal, family, or household purposes.

12. Beginning in or around April 2016 and continuing through October 2016, Defendant contacted Plaintiff multiple times per day in its attempts to collect the alleged consumer debt.

13. Defendant's harassing debt collection calls derived from numbers including, but not limited to (866) 659-1487. The undersigned has confirmed that this number belongs to the Defendant.

14. Plaintiff spoke to one of Defendant's collectors in or around July 2016 and advised them to cease all calls to her cellular telephone number.

15. However, Defendant continued to call Plaintiff despite her request to stop calling.

16. Once Defendant was notified that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place additional calls.

17. Further, as Defendant had knowledge the calls were unwanted, any further calls could only have been for the purpose of harassing Plaintiff.

18. Defendant also threatened to pursue legal action against Plaintiff.

19. Upon information and belief, Defendant has not taken any legal action against Plaintiff and did not intend to pursue legal action against Plaintiff.

20. After Plaintiff's request to stop calling was ignored by Defendant, Plaintiff took measures to stop their calls by downloading an application to her cellular telephone to block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA

21. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Here, Defendant violated §1692d and §1692d(5) of the FDCPA when it placing repeated and continuous harassing telephone calls to Plaintiff's cellular telephone and continued to call after Plaintiff told Defendant the calls were unwanted.

# COUNT II
## DEFENDANT VIOLATED §§1692e and e(10) OF THE FDCPA

24. A debt collector violates § 1692e of the FDCPA when it uses false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

25. A debt collector violates § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect the alleged debt, or to obtain information concerning the Plaintiff.

26. A debt collector violates §1692e(5) of the FDCPA by threatening to take action that cannot be taken or is not intended to be taken.

27. Here, Defendant violated §§1692e, 1692e(5) and 1692e(10) of the FDCPA when it threatened to pursue legal action without the intent to take such action.

WHEREFORE, Plaintiff, TANYA MILLER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

  d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TANYA MILLER, demands a jury trial in this case.

            RESPECTFULLY SUBMITTED,

Date: April 14, 2017   By: */s/ Amy Lynn Bennecoff Ginsburg*
            AMY LYNN BENNECOFF GINSBURG
            Attorney ID No. 57100
            Kimmel & Silverman, P.C.
            30 E. Butler Pike
            Ambler, PA 19002
            Phone: (215) 540-8888
            Fax: (877) 788-2864
            Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT